**HOUSTON LIGHTING & POWER COMPANY, Appellant,**

v.

**TENN–TEX ALLOY & CHEMICAL CORPORATION, Appellee.**

No. 4321.

Court of Civil Appeals of Texas.

Waco.

April 15, 1965.

Rehearing Denied May 13, 1965.

Baker, Botts, Shepherd & Coates, Alvin M. Owsley, Jr., Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, John L. McConn, Jr., Houston, for appellee.

TIREY, Justice.

This action (nonjury) was brought by Tenn-Tex Alloy & Chemical Corporation against Houston Lighting & Power Company to recover the amount of alleged overcharges for electrical services made by appellant against appellee under a written contract for the billing months of August and December, 1960, and January, February and March, 1961, the contract having been executed August 31, 1956, for the purpose of furnishing a high voltage electric service by defendant to plaintiff. The bills were paid as rendered and plaintiff claimed that it had been overcharged in the total sum of $26,143 for the months above named. Judgment was rendered in favor of plaintiff for the amount sued for plus interest, and judgment was rendered against defendant on its cross-action. The contract is in evidence and the parties have stipulated that such contract is unambiguous. The sole question before the court is an interpretation of the written con-

tract. The judgment is assailed on one point. It is to the effect that the Court erred in its construction of the contract. As we understand the parties, the only provisions of the contract which are involved in this dispute are:

### "NET MONTHLY BILL

"D The amount of the net monthly bill shall be whichever is higher of the amounts determined under (i) and (ii) below subject in each case to the applicable adjustments stated under (iii) below:

"(i) Rate:

kva Charge
$900.00 first 1,000 kva or less
.80 per kva next 1,000 kva
.60 per kva all additional kva, plus

Kwh Charge
5.5 mills per kwh first 200,000 kwh
4.5 mills per kwh next 200 kwh per kva
3.5 mills per kwh next 200 kwh per kva
3.0 mills per kwh all additional kwh

"(ii) Minimum:

The sum of (a) the kva charge applicable to the highest kva established during the 12 months ending with the current month and (b) the kwh charge applicable to 200 kwh for each kva of said highest kva and (c) the adjustments stated below. In no event shall the sum of (a) and (b) be less than $2,000.00.

"(iii) Adjustments: (not in dispute)

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### "KVA USED IN CALCULATING THE NET MONTHLY BILL

"H. The KVA charge to be used in calculating the net monthly bill shall be determined in accordance with the following provisions:

(1) If the highest KVA established in any month, whether it is the highest ON PEAK KVA or the highest OFF PEAK KVA, is equal to or less than the highest ON PEAK KVA established in any of the twelve months ending with and including the current month, such highest KVA for the current month shall be deemed to be the KVA for billing purposes.

"(2) If the highest OFF PEAK KVA established in the current month exceeds 100% but not 150% of the highest ON PEAK KVA established in the twelve months ending with and including the current month, the customer shall be billed only for such highest ON PEAK KVA so established during said period.

"(3) Should the highest OFF PEAK KVA established in any month exceed 150% of the highest ON PEAK KVA established in the twelve months ending with and including the current month, then the excess obove 150% shall be deemed for billing purposes to have been taken as additional ON PEAK KVA and shall be added to the highest ON PEAK KVA established in said twelve months period, which highest ON PEAK KVA, as increased by such excess, shall be the KVA for billing purposes for the current month. Such KVA so established for billing purposes shalll also be deemed, for future billing purposes, as the highest ON PEAK KVA established in such current month."

At appellant's request, the trial court filed Findings of Fact and Conclusions of Law. (It is without dispute that the contract in suit was prepared by the appellant, and that it was in effect during all the billing periods involved in this suit.)

### FINDINGS OF FACT

\* \* \* \* \* \*

"Under paragraph D of the contract, entitled 'NET MONTHLY BILLING,' it is provided the amount of the bill shall be whichever is higher, the calculation under (i), or the calculation under (ii), subject in each case to the adjustment stated under (iii).

"1. July 22, 1960, to August 23, 1960, Billing Period:

"a. In calculating the minimum under D (ii) for the billing period July 22, 1960, to August 23, 1960, defendant used 16,650 as the highest kva established during the twelve months ending with the current month. By using 16,650 the minimum billing under D (ii) was the higher of the two calculations under D (i) and D (ii) and amounted to $31,454.20.

"b. 16,650 was the 'on peak' kva established in June, 1959, so it was established more than twelve months before the billing period July 22 to August 23, 1960.

"c. The highest kva established during the twelve months ending with August 23, 1960, was 12,540, the 'on peak' kva established in June, 1960. When 12,540 is used as the highest kva established in the twelve months ending with the current month, the minimum charge under D (ii) is $25,289.20, which is

less than the regular charge under D (i), which is $26,243.20, so the latter charge is applicable under paragraph D of the contract.

"d. The amount charged for the billing period by Houston Lighting & Power Company was $31,454.20. The amount which should have been charged is $26,243.20.

"2. November 22, 1960, to December 22nd, 1960, Billing Period:

"a. In calculating the minimum under D (ii) for the billing period November 22, 1960, to December 22nd, 1960, defendant used 16,650 as the highest kva established during the twelve months ending with the current month. By using 16,650 the minimum billing under D (ii), was the higher of the calculations under D (i) and D (ii), and amounted to $31,521.40.

"b. 16,650 was the 'on peak' kva established in June, 1959, so it was established more than twelve months before the billing period July 22 to August 23, 1960.

"c. The highest kva established during the twelve months ending with December 22, 1960, was 12,630, the 'on Peak' kva established October, 1960. When 12,630 is used as the highest kva established in the twelve months ending with the current month, the minimum billing under D (ii) is less than the regular billing under D (i), which is $26,454.40, so the latter charge is applicable under paragraph D of the contract.

"d. The amount charged for this billing period by Houston Lighting & Power Company was $31,521.40. The amount which should have been charged was $26,454.40

"3. December 22, 1960 to January 23, 1961, Billing Period:

"a. In calculating the minimum D (ii) for the billing period December 22, 1960, to January 23, 1961, defendant again used 16,650 as the 'highest kva established during the twelve months ending with the current month.' By using 16,650 the minimum billing under D (ii) was the higher of the calculations under D (i) and D (ii) and amounted to $26,044.60.

"b. 16,650 was the 'on peak' kva established in June, 1959, so it was established much more than twelve months before the billing period December 22, 1960, to January 23, 1961.

"c. The highest kva established during the twelve months ending January 23, 1961, was 12,630, on 'on peak' kva established in October, 1960. When 12,630 is used for the billing period January 23, to February 28, 1961, as the highest kva established in the twelve months ending with the current month, the minimum billing under D (ii) is $20,014.60, which is higher than the regular billing under D (i), so the minimum billing is applicable under paragraph D of the contract.

"d. The amount charged for this billing period by Houston Lighting & Power Company was $26,044.60. The amount which should have been charged was $20,014.60

"4. January 23, 1961, to February 28, 1961, Billing Period:

"a. In calculating the minimum under D (ii) for the billing period January 23, to February 28, 1961, defendant used 16,650 as the highest kva established during the twelve months ending with the current month. By using 16,650, the regular billing under D (i) was the higher of the two calculations under D (i) and D (ii) and amounted to $31,074.60.

"b. 16,650 was the 'on peak' kva established in June, 1959, so it was established considerably more than twelve months before the billing period January 23, 1961, to February 28, 1961.

"c. The highest kva established during the twelve months ending with February 28, 1961, was 12,630, the 'on peak' kva established in October, 1960. When 12,630 is used as the highest kva established in the twelve months ending with the current month the minimum charge under D (ii) is $23,838.60, which is more than the regular charge under D (i), which is $1,891.80, so the minimum charge is applicable, under paragraph D of the contract.

"d. The amount charged for this billing period by Houston Lighting & Power Company was $31,074.60. The amount it should have been charged was $23,838.60.

"5. February 28, 1961, to March 31, 1961, Billing Period:

"a. In calculating the minimum under D (ii) for the billing period February 28, to March 31, 1961, defendant used 16,650 as the highest kva established during the twelve months ending with the current month. By using 16,650, the minimum billing was the higher of the two calculations under D (i) and D (ii), and amounted to $31,118.20.

"b. 16,650 was the highest 'on peak' kva established in June, 1959, so it was established considerably more than twelve months before the billing period February 28, 1961, to March 31, 1961.

"c. The highest kva established during the twelve months ending with March 31, 1961, was 12,630, the 'on peak' kva established October, 1960. When 12,630 is used as the highest kva established in the twelve months ending with the current month, the minimum billing under D (ii) is $25,088.20, which is less than the regular billing under D (i), which is $28,-519.20, so the latter billing is applicable under paragraph D of the contract.

"d. The amount charged for this billing period by Houston Lighting & Power Company was $31,118.20. The amount which should have been charged was $28,519.20."

Plaintiff, Tenn-Tex Alloy & Chemical Corporation, paid to Houston Lighting & Power Company, under protest, the following sums:

| "BILLING PERIOD: | AMOUNTS PAID: |
|---|---|
| July 22 to August 23, 1960 | $31,454.20 |
| November 22, 1960 to December 22, 1960 | 31,521.40 |
| December 22, 1960 to January 23, 1961 | 26,044.60 |
| January 23, 1961 to February 28, 1961 | 31,074.60 |
| February 28, 1961 to March 31, 1961 | 31,118.20." |

"CONCLUSIONS OF LAW

"I.

"In calculating the 'NET MONTHLY BILL' under D(i), (ii), and (iii), one must follow the formula set forth in paragraph H of the Contract entitled, 'KVA USED IN CALCULATING THE NET MONTHLY BILL,' and nothing else.

"II.

"When this formula provided for in the Contract is used, the correct bill for the period July 22 to August 23, 1960, is $26,243.20; the correct bill for the period November 22 to December 22, 1960, is $26,454.40; the correct bill for the period December 22, 1960, to January 23, 1961, is $20.014.60; the correct bill for the period January 23, to February 28, 1961, is $23,838.60; and the correct bill for the period February 28, 1961, to March 31, 1961, is $28,519.20.

"III.

"Plaintiff is therefore entitled to judgment in the sum of $26,143.00 plus interest at the rate of six per cent (6%) from October 12, 1961, to June 19, 1964, the date the court announced its decision in this cause, which is a

total of $30,596.98, with interest thereon at six per cent (6%) from and after the date of judgment herein."

Thereafter, appellant filed a "Request for Additional Findings of Fact." They are:

"(a) The highest KVA established in each of the 12 month periods ending with the months in dispute was 20,130 KVA which was established in April, 1960. (b) The KVA charge (expressed in KVA's applicable to the KVA referred to in (a) above was and is 16,650."

The Court refused to so find, but made additional Findings of Fact. They are:

"I.

"Paragraph D entitled 'Net Monthly Bill's is only one clause of the Contract in question and it does not stand alone. Paragraph D is governed by Paragraph H entitled 'KVA used in calculating the Net Monthly Bill.' Paragraph H begins with the mandate: 'The kva charge to be used in calculating the net monthly bill shall be determined in accordance with the following provisions:' (followed by H–1, 2 and 3).

"II.

"20,130 KVA were used in April, 1960, by the plaintiff. While this is the highest kva used by plaintiff during each of the twelve-month periods ending with the months in dispute, it was Off Peak usage and did not establish a 'highest kva' for the month of April, 1960, or any other month. Under Paragraph H–2 of the Contract, this Off Peak usage called for applying as the kva for the month of April, 1960, the highest On Peak kva established during the preceding twelve month period (which was 16,650 kva established in June, 1959). Such application did not alter the fact that the 16,650 kva was established in June, 1959, and remained alive as a highest kva under Paragraph

H–2 of the Contract only through May, 1960, and not thereafter.

"III.

"Off Peak kva usage can establish a 'highest kva' for billing purposes only under Paragraph H–3.

"Paragraph H–3 expressly provides for establishing a highest kva during an Off Peak period only when the usage exceeds 150% of the highest On Peak kva established during the preceding twelve-month period. In such event, (a) only the excess above 150% is added to such previously established On Peak kva and a new 'highest kva' is thereby established; and, (b) such newly established 'highest kva,' although established in an Off Peak month is expressly designated as the 'highest On Peak kva' in order to become established and preserved as the 'highest kva' for billing purposes for the future months.

"For 'use in calculating the net monthly bill,' the highest kva established in each of the twelve-month periods ending with the months in dispute were:

| Month in Dispute | Highest KVA | Month Established |
|---|---|---|
| August, 1960 | 12,540 | June, 1960 |
| December, 1960 | 12,630 | October, 1960 |
| January, 1961 | 12,630 | October, 1960 |
| February, 1961 | 12,630 | October, 1960 |
| March, 1961 | 12,630 | October, 1960." |

Only two witnesses testified:

Charles Edward Oney testified to the effect that he was with the Tennessee Products and Chemical Company, and that Tenn-Tex is a division of Tennessee Products, and that Tenn-Tex Alloy and Chemical Corporation, plaintiff, appellee here, is a division of that company, and that he has been Chief Engineer since June 1959, and that a part of his duty is to check the power bills to see that these various companies are billed correctly according to the contracts under which they operate. (It was stipulated that the billings from appellant to

appellee for the period from July 22, 1960 to August 23, 1960, was $31,454.20; that the billing for the period from November 22, 1960 to December 22, 1960 was $31,521.40; that the billing for the period from December 22, 1960 to January 23, 1961, was $26,044.60; that the billing for the period from January 23, 1961, to February 28, 1961, was $31,074.60; that the billing for the period from February 28, 1961, to March 31, 1961, was $31,118.20, and that the foregoing amounts were paid by appellee to appellant). The witness testified in detail as to how he checked the charges made for electric services furnished by appellant to appellee, and his testimony was to the effect that from July 22, 1960, to August 23, 1960, the sum of $31,454.20 was charged by appellant against appellee, and that under the contract appellant was entitled to make a charge of the sum of only $26,243.20, and that there was an overcharge on said bill of $5,211.00; that the charge made by appellant to appellee for electrical services from November 22, 1960, to December 22nd, 1960, was the sum of $31,521.40, and that the correct charge for such service under the terms of the contract was $26,454.40, and that the amount of overcharge for that period of time was $5,067.00; that the charge made by appellant to appellee from December 22, 1960 to January 23, 1961, was $26,044.60, and that the correct charge for such service under the contract was only $20,014.60, and that it made an overcharge for that period of time of $6,030.00; that the charge made by appellant to appellee for the period from January 23, 1961 to February 28, 1961, was $31,074.60, and that the correct charge for such service under the contract was only $23,838.60, and that the amount of overcharge paid by appellee to appellant was $7,236.00; that the charge made by appellant to appellee from February 28, 1961 to March 31, 1961, $31,118.20, and that the correct charge for such service under the contract was only $28,519.20, and that the amount of the overcharge paid by appellee to appellant was $2,599.00, and that the aggregate of the overcharges which were wrongfully collected by appellant from appellee amounted to the sum of $26,143.00.

Appellant called Mr. Thomas A. Standish as a witness, and he testified to the effect that he was an electrical engineer; that he was a graduate of the University of North Dakota in 1935 in electrical engineering; that he was employed by appellant as superintendent of the rate research department, and that he had been working in electrical rates for appellant since 1943. Mr. Standish testified to the effect that he had prepared the figures derived from the electrical usage of appellee covering the years 1959, 1960 and 1961, and had reduced them into a tabular form that company's on-peak KVA, off-peak KVA and the KVA charges applicable to the KVA on-and-off-peak periods, and the kilowatt hours and the dollars and the rate fuel adjustments; that by so doing that this document showed or made it possible to compare both the bill for the actual service rendered, and the bill computed according to the minimum billing provision of the contract; that the document is marked Exhibit D–2. He also testified to the effect that the five periods in question in this case are marked in the lefthand column 1, 2, 3, 4 and 5.

As we understand Mr. Standish' testimony, it is to the effect that the billings made by appellant to appellee for the five periods in question were correct. The Trial Court did not so find.

We have given our best efforts and much time to the consideration of this record and the briefs of the parties, and after so doing it is our view that the construction placed upon the contract by the Trial Court is correct; that the findings of fact made by the Trial Court are supported by the evidence, and that the findings of the Trial Court and its conclusions of law are correct.

Accordingly point 1 is overruled, and the judgment of the Trial Court is affirmed.

WILSON, J., sat on argument in this case but thereafter ascertained that he was disqualified and did not further participate.