PD-1428-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/9/2015 11:44:31 AM
Accepted 12/11/2015 11:14:43 AM
ABEL ACOSTA
CLERK

No. PD-1428-15

(Court of Appeals No. 02-14-00339-CR)

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

ANN BUCARO,

                                        Petitioner,

v.

THE STATE OF TEXAS

# PETITIONER'S PETITION FOR DISCRETIONARY REVIEW

On discretionary review from the Court of Appeals
Second District of Texas at Fort Worth

MELVYN CARSON BRUDER

FILED IN
COURT OF CRIMINAL APPEALS

December 11, 2015

ABEL ACOSTA, CLERK

516 Turley Law Center
6440 N. Central Expressway
Dallas, Texas 75206
214.987.3500
214.987.3518  Telecopier

Counsel for Petitioner

**IDENTITY OF JUDGE, PARTIES, AND COUNSEL**

The trial court judge in this case was Virgil Vahlenkamp.

The parties to the judgment in this case are Ann Bucaro and the State of Texas.

The names and addresses of all trial and appellate counsel are:

Hayley Jones
Assistant Criminal District Attorney
Denton County Courts Building
1450 E. McKinney Street
Denton, TX 76209

Trial Counsel for the State of Texas

Melvyn Carson Bruder
615 Turley Law Center
6440 N. Central Expressway
Dallas, TX 75206

Trial Counsel for Ms. Bucaro

Paul Johnson
Criminal District Attorney
Denton County Courts Building
1450 E. McKinney Street
Denton, TX 76209

Appellate Counsel for the State of Texas

Melvyn Carson Bruder
516 Turley Law Center
6440 N. Central Expressway
Dallas, TX 75206

Appellate Counsel for Ms. Bucaro

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel ................................................... i

Table of Contents ........................................................................... ii

Index of Authorities ....................................................................... iv

Statement Regarding Oral Argument ....................................................... 2

Statement of the Case ...................................................................... 2

Statement of the Procedural History of the Case ......................................... 2

Grounds for Review ......................................................................... 3

    1.    Whether the portion of the Texas Transportation Code that permits the introduction into evidence at a person's trial of that person's refusal to provide a specimen of breath or blood at the request of the arresting officer (§ 724.061) violates the Fourth Amendment to the Constitution of the United States.  CR 21-23, 25-27, 30; RR 29-31, 36-37.

    2.    Whether consent obtained under the Implied Consent Law satisfies the requirement of consent under the Fourth Amendment.  CR 21-23. 25-27, 30; RR 29-31, 36-37.

Argument ................................................................................... 3

    Relevant Facts ........................................................................ 3

    How the Court of Appeals Decided Ground for Review No. 1 .................. 5

    Why This Court Should Grant Discretionary Review ............................ 6

    How the Court of Appeals Decided Ground for Review No. 2 .................. 9

    Why This Court Should Grant Discretionary Review ............................ 10

Prayer for Relief ........................................................................... 13

Certificate of Service ...................................................................... 14

Certificate of Compliance .................................................................. 15

Appendix A - Opinion of the Court of Appeals in *Bucaro v. State*  ................... 15

Appendix B  - Order Denying Motion for Rehearing in *Bucaro v. State*  .......... 26

# INDEX OF AUTHORITIES

*Cases*:

*Bucaro v. State*
     No. 02-14-00339-CR, Tex.App. – Fort Worth Aug. 27, 2015 ........ 2

*Bumper v. North Carolina*
     391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) ................... 12

*Burson v. Bell*
     402 U.S. 505, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) ................... 12

*Camara v. Municipal Court of the City and County of San Francisco*
     387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) ................... 7

*District of Columbia v. Little*
     339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599 (1950) .............................. 6

*Doyle v. Ohio*
     426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) ................... 7

*Fienen v. State*
     390 S.W.3d 328 (Tex.Crim.App.2012) ........................................... 6

*Florida v. Royer*
     460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed. 229 (1983) ..................... 12

*Forsyth v. State*
     438 S.W.3d 216 (Tex.App. – Eastland 2014) ................................ 12

*Garrity v. New Jersey*
     85 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) ...................... 12

*Gore v. State*
     No. 01-13-00608-CR (Tex.App. – Houston [1st Dist.]
     Nov. 13, 2014 ...................................................................................... 12

*Missouri v. McNeely*
     569 U.S. ___, 133 S.Ct. 1552 (2013) ........................................... 6

*People v. Pollard*
     307 P.3d 1124 (Colo.App. 2013) ................................................. 9

*Powell v. State*
   660 S.W.2d 842 (Tex.App. – El Paso 1983)  ...................................  8

*Reeves v. State*
   969 S.W.2d 471 (Tex.App. – Waco 1998)  ................................  7, 8

*Skinner v. Railway Labor Executives' Association*
   489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989)  .................  7

*State v. Kelly*
   204 S.W.3d 808 (Tex.Crim.App. 2006)  .......................................  12

*United States v. Clariot*
   655 F.3d 550 (6th Cir.2011)  ......................................................  7

*United States v. Moreno*
   233 F.3d 937 (7th Cir.2000)  ......................................................  8

*United States v. Prescott*
   581 F.2d 1343 (9th Cir.1978)  ....................................................  8

*United States v. Runyon*
   290 F.3d 223 (5th Cir.2002)  ......................................................  8

*United States v. Thame*
    846 F.2d 200 (3rd Cir.1988)  .....................................................  8

*Weems v. State*
   434 S.W.3d 655 (Tex.App. – San Antonio 2014)  ........................  11

*Williams v. State*
   No. S14-1625 (Ga. Mar. 27, 2015)  .............................................  10

**Constitutions**:

U.S.CONST.amend VI  ........................................................................ *passim*
U.S.CONST.amend XIV  ....................................................................  7

***Statutes***:

TEX.TRANSP.CODE § 724.015 ................................................................. 3
TEX.TRANSP.CODE § 724.061 .......................................................... 3, 5, 9

***Rules***:

TEX.R.APP.P. 66.3 ............................................................................... 2

No. PD-1428-15

(Court of Appeals No. 02-14-00339-CR)

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

ANN BUCARO,

                                                    Petitioner,

v.

THE STATE OF TEXAS

# <u>PETITIONER'S PETITION FOR DISCRETIONARY REVIEW</u>

On discretionary review from the Court of Appeals
Second District of Texas at Fort Worth

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

ANN BUCARO, Petitioner, petitions this Court to grant discretionary review to review the judgment of the Court of Appeals for the Fifth District of Texas affirming her conviction for driving while intoxicated because the court of appeals

-1-

has decided two important questions of law in ways that conflict with applicable decisions of other Texas courts of appeal, of this Court and of the Supreme Court of the United States. *See* TEX.R.APP.P. 66.3.

## STATEMENT REGARDING ORAL ARGUMENT

Ms. Bucaro believes that oral argument will be helpful to the Court in resolving the grounds for review because of the nature of the issues presented in the grounds for review.

## STATEMENT OF THE CASE

This is an appeal from a conviction for driving while intoxicated.[1] The grounds for review relate to the trial court's failure to suppress the admission of the breath specimens given to the arresting officer by Ms. Bucaro.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The court of appeals affirmed Ms. Bucaro's conviction on 27 August 2015 in a Memorandum Opinion on Rehearing. *Bucaro v. State*, No. 02-14-00339-CR, Tex.App. – Fort Worth 27 August 2015, unpublished.[2] A timely-filed motion for rehearing was denied on 8 October 2015.[3]

---

[1] Clerk's Record (CR) 35-36 (Judgment of Community Supervision).

[2] A copy of that opinion is appended hereto as Appendix A, pp. 16-25, *infra*.

[3] A copy of the Order denying the motion for rehearing is appended to this petition as Appendix B, p. 27, *infra*.

-2-

1. Whether the portion of the Texas Transportation Code that permits the introduction into evidence at a person's trial of that person's refusal to provide a specimen of breath or blood at the request of the arresting officer (§ 724.061) violates the Fourth Amendment to the Constitution of the United States. CR 21-23, 25-27, 30; RR 29-31, 36-37.

2. Whether consent obtained under the Implied Consent Law satisfies the requirement of consent under the Fourth Amendment. CR 21-23. 25-27, 30; RR 29-31, 36-37.

**ARGUMENT**

**RELEVANT FACTS**

Ms. Bucaro was arrested for driving while intoxicated and was then transported to jail. At the jail the arresting officer provided Ms. Bucaro with a DIC-24 form[4] and asked her to follow along as he read it to her. Thereafter, the arresting officer three times asked Ms. Bucaro if she understood the warnings, to which she relied that she did not. Eventually, the officer repeated the second paragraph of the form and explained to her "that he was gong to ask her for a breath specimen and she needed to understand that 'if [she] says no, they can use it against her in court and [her] license will be suspended for not less than six months." The officer again read the DIC-24, requested that Ms. Bucaro provide breath specimens, which she did. *Bucaro v. State*, *supra*, slip op. 3-4.

The officer testified that Ms. Bucaro's consent was freely and voluntarily given, that he did not coerce, force, threaten or intimidate her in connection with

---

[4] The DIC-24 form is the standard form used by the Texas Department of Public Safety to admonish persons arrested for driving while intoxicated of the warnings required by the Texas Transportation Code. TEX.TRANSP.CODE § 724.015.

obtaining the breath specimens. *Id*.

Ms. Bucaro testified that she thought she had no option but to provide the specimens because if she refused she would lose her driver's license which would cost her her job. *Id*.

Ms. Bucaro filed a pretrial motion to suppress evidence in which she challenged the seizure of the specimens of her breath on various grounds, including the Fourth Amendment to the Constitution of the United States. CR 13-32. Following a hearing on the motion it was denied. The trial court's conclusions of law addressed Fifth and Sixth Amendment issues, but not the Fourth Amendment issues raised by Ms. Bucaro. The trial court impliedly concluded that reading of the Implied Consent Law warnings provided a basis for finding consent under the Fourth Amendment.

The gist of Ms. Bucaro's Fourth Amendment argument was that the officer's request for a breath specimen amounted to a request for consent to a warrantless seizure of Ms. Bucaro's breath; that the seizure of Ms Bucaro's breath is protected by the Fourth Amendment; that Ms. Bucaro's "consent" was not obtained freely and voluntarily because it was the product of the coercive threats contained in the DIC-24 warnings, *i.e.*, that if she did not provide the breath specimen she would lose her driver's license and her refusal could be used against her at her trial; and that the mere reading of the Implied Consent Law warnings could not suffice to establish consent within the meaning of the Fourth Amendment (and thus the State had failed to sustain

-4-

its burden of proving that Ms. Bucaro's consent was freely and voluntarily given).[5]

1. Whether the portion of the Texas Transportation Code that permits the introduction into evidence at a person's trial of that person's refusal to provide a specimen of breath or blood at the request of the arresting officer (§ 724.061) violates the Fourth Amendment to the Constitution of the United States.

## HOW THE COURT OF APPEALS DECIDED GROUND FOR REVIEW NO. 1

Ms. Bucaro argued that the portion of the Implied Consent Law authorizing the admissibility as evidence at a person's trial of a refusal to provide a specimen of breath for alcohol content testing purposes violates the Fourth Amendment's protection against unreasonable seizures because the use by a prosecutor of a citizen's refusal to consent to a seizure protected by the Fourth Amendment "would erode the protection" guaranteed by the Fourth Amendment.[6]  She argued that taking a breath specimen from a person arrested for driving while intoxicated is protected by the Fourth Amendment and requires either a warrant or proof of the existence of an exception to the requirement of a warrant.  In this case the State relied on the consent exception to the requirement of a warrant.  Because the Fourth Amendment provides citizens with the absolute right to refuse to consent to warrantless searches and seizures, an exercise of that right may not be used as evidence against them at a trial.[7]

The court of appeals did not acknowledge that consent to provide a specimen of breath is protected by the Fourth Amendment, but did acknowledge that consent

---

[5]    CR 17-23, 25-27, 30; Reporter's Record (RR) 30-31, 36-37.

[6]    Appellant's Brief 19-22, 25-27.

[7]    *Id*. at 10-12, 19-23, 25-27.

to provide a specimen of breath must be tested by *Fienen v. State*, 390 S.W.2d 328 (Tex.Crim.App.2012), which adopted the standard required by the Fourth Amendment for establishing consent to provide a breath specimen.[8] The court then concluded that because the arresting officer read Ms. Bucaro the warnings required by the Implied Consent Law, Ms. Bucaro's consent was voluntary and, citing *Fienen*, held that Ms. Bucaro's consent did not violate the Fourth Amendment.[9]

The court ignored Ms.. Bucaro's argument and supporting cases that the Fourth Amendment protects citizens from having the exercise of the right to refuse to consent to a warrantless seizure used as evidence of guilt at trial.

## WHY THIS COURT SHOULD GRANT DISCRETIONARY REVIEW

The Fourth Amendment protects citizens against the use as evidence against them of illegally seized evidence. To the extent the Implied Consent Law permits the use against a person arrested for driving while intoxicated of his refusal to provide the arresting officer with a specimen of breath for alcohol content testing, that law violates the Fourth Amendment.

In *Missouri v. McNeely*, 569 U.S. ___, 133 S.Ct. 1552 (2013), the Supreme Court declared that the taking of blood from a person arrested for driving while intoxicated is protected by the Fourth Amendment. Any bodily intrusion, whether for blood or breath, is a search within the meaning of the Fourth Amendment for which a warrant or an applicable exception is required. *McNeely, supra; Skinner v. Railway*

---

[8]   *Bucaro v. State*, *supra*, slip op. 7

[9]   *Id*. at 7-9.

*Labor Executives' Association*, 489 U.S. 602, 614, 109 S.Ct, 1402, 103 L.Ed.2d 639 (1989).

No warrant was obtained to search for or seize Ms. Bucaro's breath. The exception to the warrant requirement on which the State relied in this case, and on which the court of appeals decided the case, was consent.[10]

A person has the absolute right to refuse to consent to an officer's request for a warrantless search or seizure. *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523, 533-34, 87 S.Ct,. 1727, 18 L.Ed.2d 930 (1967) ("we therefore conclude that appellant had a constitutional right to insist that the inspectors obtain a warrant to search"); *District of Columbia v. Little*, 339 U.S. 1, 7, 70 S.Ct. 468. 94 L.Ed. 2d 599 (1950) (holding that persons have the right to refuse requests of public officials to enter their homes without a warrant); *see also Reeves v. State*, 969 S.W.2d 471, 493 (Tex.App. – Waco 1998, pet.ref'd) (holding that a person has the right to refuse to consent to searches of his home).

The exercise of constitutional rights may not be used as evidence of guilt lest there be a deprivation of fundamental fairness and due process as guaranteed by the Fourteenth Amendment. *Doyle v. Ohio*, 426 U.S. 610, 618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (holding that an accused's exercise of his Sixth Amendment right to remain silent following arrest may not be used at his trial to impeach him). With respect to the assertion of Fourth Amendment rights, numerous courts have held that a citizen's refusal to consent to a request by an officer to conduct a warrantless search

---

[10]    *Id*. at 6-9.

or seizure may not be used as evidence without imposing an unfair and impermissible burden on the assertion of the right. *United States v. Clariot*, 655 F.3d 550, 555 (6th Cir.2011) ("The exercise of a constitutional right, whether to refuse to consent to a search, to refuse to waive *Miranda* rights or to decline to testify at trial, is not evidence of guilt"); *United States v. Runyon*, 290 F.3d 223, 249 (5th Cir.2002) (the other circuit courts that have addressed the "question whether a prosecutor commits constitutional error by invoking a defendant's refusal to consent to a warrantless search to support an inference of guilt" have "unanimously held that a defendant's refusal to consent to a warrantless search may not be presented as evidence of guilt"); *United States v. Moreno*, 233 F.3d 937, 940-41 (7th Cir.2000) (because the Fourth Amendment entitled the defendants to withhold their consent to a search of their residence, proof of that refusal is not admissible as evidence of guilt); *United States v. Thame*, 846 F.2d 200, 206 (3rd Cir.1988) ("[I]t was error for the prosecutor to argue that [the accused's] reliance on his fourth amendment rights constituted evidence of his guilt"); *United States v. Prescott*, 581 F.2d 1343 (9th Cir.1978) (evidence that the accused refused to permit the police to enter her apartment without a warrant was constitutionally protected conduct which should not have been considered as evidence of the offense charged); *Reeves v. State*, 969 S.W.2d 471 (Tex.App. – Waco 1998, pet.ref'd) ("To allow the use of one's refusal to consent to entry into his home without a warrant would be to impose a penalty for exercising a constitutional right"); *Powell v. State*, 660 S.W.2d 842, 845 (Tex.App. – El Paso 1983, no pet.) ("The invocation of constitutional rights such as assistance of counsel,

silence, or freedom from unreasonable searches may not be relied upon as evidence of guilt. To permit the use of such evidence for purposes of incrimination would erode the protections guaranteed by both state and federal constitutions").[11]

Section 724.061 plainly states that "a persons's refusal of a request by an officer to submit to the taking of a specimen of breath or blood . . . may be introduced into evidence at the person's trial." That statute clearly violates the holdings in the cases which forbid the use of an invocation of Fourth Amendment rights as evidence of guilt. Section 724.061 impermissibly chills the assertion of a constitutional right by penalizing those who choose to exercise their Fourth Amendment rights. It is, therefore, unconstitutional as a matter of law, and as applied in this case. To the extent the court of appeals relied upon "consent" as the basis for upholding the trial court's denial of Ms. Bucaro's motion to suppress, this Court should grant discretionary review to correct that error.

2. Whether consent obtained under the Implied Consent Law satisfies the requirement of consent under the Fourth Amendment. CR 21-23. 25-27, 30; RR 29-31, 36-37.

**HOW THE COURT OF APPEALS DECIDED GROUND FOR REVIEW NO. 2**

Ms. Bucaro argued that because the taking of a specimen of breath from a person arrested for driving while intoxicated is protected by the Fourth Amendment and requires either a warrant or proof of an exception to the requirement of a warrant, that taking amounts to a consent to a warrantless search or seizure. As such, the consent must be tested by the Fourth Amendment standard. She further argued the

---

[11]   *See People v. Pollard*, 307 P.3d 1124 (Colo.App.2013), for a collection of state cases holding that the exercise of Fourth Amendment rights cannot be used as evidence of guilt.

-9-

mere compliance with the Implied Consent Law does not satisfy the Fourth Amendment requirement of consent.[12]

The court of appeals began with the observation that "[a]ny person arrested for DWI is deemed to have given consent to submit to providing a specimen of breath or blood for determining alcohol concentration or the presence of a controlled substance." *Bucaro v. State*, *supra*, slip op. 6. The court then conducted an analysis using state decisional law and concluded that the warnings required by the Implied Consent Law suffice to satisfy the Fourth Amendment's requirement of consent. *Id*. at 9.

## WHY THIS COURT SHOULD GRANT DISCRETIONARY REVIEW

The Supreme Court of Georgia recently determined that mere compliance with Georgia's statutory implied consent request does not satisfy the burden of establishing free and voluntary consent under Fourth Amendment standards. *Williams v. State*, No. S14A1625 (Ga. Mar. 27, 2015). That court's rationale began with the recognition that searches involving intrusions beyond the body's surface are protected by the Fourth Amendment. Thus, when warrantless seizures of breath or blood occur based on consent, it is essential that the State demonstrate *actual consent* as required by the Fourth Amendment. *Id*. at 9-10. What is required to show consent under the Fourth Amendment is an examination of the totality of the circumstances to determine that the consent was voluntarily and freely given, and was not the product of coercion or mere acquiescence to authority. The *Williams* court concluded

---

[12] Appellant's Brief 12, 23; Appellant's Supplemental and Reply Brief, 3-7.

that proof of Fourth Amendment consent cannot be established by merely showing that the accused acquiesced to a request made pursuant to the implied consent law. *Id*. at 11-12.

Although no Texas court has reached the same precise conclusion as *Williams,* Texas courts of appeals have recognized that the Texas Implied Consent Law does not create an exception to the Fourth Amendment and that warrantless seizures of bodily substances must be supported by facts that establish an exception to the Fourth Amendment's warrant requirement. In *Weems v. State*, the San Antonio court of appeals observed:

> We agree with both the Amarillo and the Corpus Christi Courts of Appeals that the implied consent and mandatory blood draw statutes are not exceptions to the Fourth Amendment's warrant requirement. . . . *McNeely*, however, clearly proscribed what it labeled as *categorical* or *per se* rules for warrantless blood testing, emphasizing over and over again that the reasonableness of a search must be judge based on the totality of the circumstances presented in each case. *See McNeely*, 133 S.Ct. At 156-63. Texas's implied consent and mandatory blood draw statutes clearly create such categories or per se rules that the Supreme Court proscribed in *McNeely*. *See* TEX.TRANSP.CODE §§ 724.011(a), 724.012(b). These statutes do not take into account the totality of the circumstances present in each case, but only consider certain facts. *See id*. Thus, we hold that the implied consent and mandatory blood draw statutory scheme found in the Transportation Code are not exceptions to the warrant requirement under the Fourth Amendment, To be authorized, the State's warrantless blood draw of Weems must be based on a well-recognized exception to the Fourth Amendment.

*Weems v. State*, 434 S.W.3d 655, 665 (Tex.App. – San Antonio 2014, pet.filed).

Texas courts of appeals have also declined to hold that "implied consent under the [Implied Consent Law] is the equivalent to voluntary consent as a recognized exception to the warrant requirement" because "mere acquiescence to a claim of

lawful authority does not discharge the burden imposed upon the State to show that the suspect freely and voluntarily consented." *Forsyth v. State*, 438 S.W.3d 216, 223 (Tex.App. – Eastland 2014, pet.ref'd). *See also Gore v. State*, No. 01-13-00608-CR (Tex.App. – Houston [1st Dist.] Nov. 13, 2014, pet.filed).

There are numerous reasons why implied consent cannot satisfy the requirement of actual consent required by the Fourth Amendment. Consent given in response to a claim of authority or based on fraud is not valid. *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed. 229 (1983); *Bumper v. North Carolina*, 391 U.S. 543, 548-50, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). The use of implied consent to uphold a seizure of a bodily substance does not permit consideration of whether the implied consent was a result of "mere acquiescence" to a claim of authority. *See State v. Kelly*, 204 S.W.3d 808 (Tex.Crim.App. 2006); *Forsyth v. State*, *supra*. Consent that is coerced by duress is not valid. *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). The Implied Consent Law warning that if a person does not consent to provide a specimen of breath he will lose his driving privileges can be incredibly coercive to the extent that the individual whose license is at stake may have to rely upon his driving privileges for his income. As stated in *Burson v. Bell*, 402 U.S. 505, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), "[o]nce licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood." To say that the Implied Consent Law warnings suffice to establish consent under the Fourth Amendment precludes consideration of the constitutional issue resolved in *Garrity* - that a person's livelihood cannot hinge on

-12-

his waiver of a constitutional right. Third, the admonition contained in the Implied Consent that a refusal to provide the requested specimen can be used as evidence of guilt violates the notion that the exercise of a constitutional right cannot be used as evidence of guilt. *See infra*, 7-9.

Implied consent has no basis within the context of Fourth Amendment rights. By its terms, implied consent is not express consent. The Implied Consent Law warnings do not contain the word "consent"; thus, a person who is alleged to have "consented" has not been asked for his consent and likely has not affirmatively given consent. In the case of the Implied Consent Law warnings, a police officer "requests" persons arrested for driving while intoxicated to provide specimens of their breath or blood. Prior to the request for a specimen being made, the Implied Consent Law warnings do not require that the person be advised of his rights under the Fourth Amendment.

For the foregoing reasons this Court should grant discretionary review to resolve the conflict between the courts of appeals in this State regarding whether "implied consent" can satisfy the Fourth Amendment requirement of consent in the context of obtaining breath specimens from persons arrested for driving while intoxicated.

## PRAYER FOR RELIEF

For the foregoing reasons Ms. Bucaro prays that this Court grant discretionary review to review the decision of the court of appeals in this case.

Respectfully submitted,

/s/   Melvyn Carson Bruder

_____

MELVYN CARSON BRUDER 03241000

516 Turley Law Center
6440 North Central Expressway
Dallas, Texas 75206
214.987.3500
214.987.3518  FAX
melvyn@melvynbruderlaw.com

Counsel for the Petitioner

## CERTIFICATE OF SERVICE

I certify that on 9 December 2015 a true and correct copy of the foregoing Petitioner's Petition for Discretionary Review was served upon counsel for the State of Texas in this case and upon the State Prosecuting Attorney via first class United States mail, postage prepaid, in Dallas, Texas.

/s/   Melvyn Carson Bruder

_____

MELVYN CARSON BRUDER

## CERTIFICATE OF COMPLIANCE

I certify that this petition (including the opinion of the court of appeals) contains 4277 words based on the word count of the Word Perfect X5 program used to prepare the petition.

/s/   Melvyn Carson Bruder

_____

MELVYN CARSON BRUDER

APPENDIX A

OPINION IN *BUCARO v. STATE*



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00339-CR

ANN BUCARO                                                    APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CR-2013-05651-B

----------

## MEMORANDUM OPINION[1] ON REHEARING

----------

### I. Introduction

Appellant Ann Bucaro filed a motion for rehearing. We deny the motion but withdraw our prior opinion of June 25, 2015, and substitute the following in its place.

---

[1]*See* Tex. R. App. P. 47.4.

In three issues, Bucaro appeals her conviction for driving while intoxicated. She argues that the trial court erred in overruling her motion to suppress and that portions of the Implied Consent Law violate the Fourth Amendment. We affirm.

## II. Background

On January 12, 2013, The Colony police pulled Bucaro over for driving her vehicle off of the roadway, over a curb, and onto a sidewalk. Officer Mark Hamm was called to the scene to assist in the investigation of the possible offense of driving while intoxicated (DWI).

When Officer Hamm arrived, he performed standardized field sobriety tests on Bucaro and, as a result, concluded that she was intoxicated. He then arrested Bucaro and took her to The Colony Jail.

At the jail, Officer Hamm handed Bucaro a copy of the DIC-24[2] form and asked her to follow along as he read it aloud. After Officer Hamm finished reading the form, Bucaro collapsed onto the floor. Officer Hamm immediately called for the paramedics and then helped Bucaro, who told Officer Hamm that she felt "lightheaded," into a chair. During these events, Bucaro never lost consciousness.

---

[2]The DIC-24 is the Texas Department of Public Safety's standard form containing the written warnings required by the transportation code to be read to an individual arrested for a DWI before a peace officer requests a voluntary blood or breath sample from a person. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2014); *State v. Neesley*, 239 S.W.3d 780, 782 n.1 (Tex. Crim. App. 2007).

2

While waiting for the medics to arrive, Officer Hamm showed Bucaro the DIC-24 form and asked if she remembered holding it and following along when he read it to her earlier. She shook her head, indicating that she did not. Just prior to the paramedic's arrival, Bucaro's breathing became very heavy. However, the medics who evaluated Bucaro determined that she was not in need of any further medical attention.

After the medics left, Officer Hamm once again asked Bucaro if she remembered the DIC-24 form, and she indicated that she did not. Officer Hamm then read the DIC-24 to Bucaro a second time and afterwards asked if she understood. Once again, she shook her head, indicating that she did not. When Officer Hamm asked her if she had a question, Bucaro just shook her head. When he asked Bucaro what part of the form she did not understand, Bucaro again just shook her head. Officer Hamm then reread the second paragraph[3] and attempted to break it down into simpler terms. He explained to her that he was going to ask her for a breath specimen and she needed to understand that "if [she] says no, they can use it against her in court and [her] license will be

_____

[3]The second paragraph of the DIC-24 form reads as follows: "If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days, whether or not you are subsequently prosecuted for this offense."

3

-18-

suspended for not less than six months." Officer Hamm read the entire DIC-24 form to Bucaro a third time,[4] and she consented to giving a breath specimen.

At the hearing on the motion to suppress, the trial court heard testimony from Officer Hamm and Bucaro, viewed the intoxilizer room video footage and the dashboard camera footage, and listened to the audiotape of Officer Hamm's body microphone.

Officer Hamm testified that Bucaro's consent was freely and voluntarily given and that he never got the impression she did not want to give the sample. He testified that there was no coercion, no force, no intimidation, and no threats—he asked her to provide a sample, she said yes, and when it was time to provide the sample she did.

Bucaro testified that she thought that she had no option but to take the test because if she refused she would not be able to drive to work and she might lose her job. However, on cross-examination, Bucaro admitted that she never told Officer Hamm that she did not want to give a breath specimen and that she never refused to provide one. She further admitted that she was not threatened or physically forced.

The trial court denied the motion to suppress and entered written findings of fact and conclusions of law.

---

[4]Officer Hamm testified that he read the complete DIC-24 form to Bucaro three times.

4

### III. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact-findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818.

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.

5

Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

## IV. Analysis

In her first two issues, Bucaro states that the trial court erred in denying her motion to suppress because (1) Bucaro did not voluntarily consent and (2) the State failed to sustain its burden of proof. In her last issue, Bucaro asserts that portions of the Implied Consent Law are inherently coercive and, therefore, violate the Fourth Amendment's prohibition against unreasonable searches and seizures.

### A. Voluntary Consent

In her first and third issue, Bucaro asserts that she did not voluntarily consent to provide a breath specimen because she was coerced. In both issues, Bucaro argues that the Implied Consent Law, i.e., the DWI statutory warnings, are inherently coercive. Specifically, she asserts that by "threatening that if Bucaro refused to provide a specimen . . . she would lose her driving privileges and . . . her refusal would be used as evidence against her at her trial, the officer applied psychological pressure . . . that caused her will to be overborne and her capacity for self-determination to be critically impaired."

Any person arrested for DWI is deemed to have given consent to submit to providing a specimen of breath or blood for determining alcohol concentration or the presence of a controlled substance. Tex. Transp. Code § 724.011(a) (West 2011). Nevertheless, a person retains an absolute right to refuse a test. *Id.*

6

-21-

§ 724.013 (West 2011). In other words, "'[C]onsent being implied by law, a driver may not legally refuse. A driver can, however, physically refuse to submit, and, in recognition of that practical reality, the implied consent law forbids the use of physical force to compel submission.'" *Forte v. State*, 759 S.W.2d 128, 138 (Tex. Crim. App. 1988) (quoting *State v. Spencer*, 305 Or. 59, 750 P.2d 147, 153 (1988)), *overruled on other grounds by McCambridge v. State*, 778 S.W.2d 70, 76 (Tex. Crim. App. 1989).

A driver's consent to a breath or blood test must be free and voluntary— i.e., free from physical or psychological pressure from law enforcement. *Meekins v. State*, 340 S.W.3d 454, 458–59 (Tex. Crim. App. 2011). In order to determine whether consent was given voluntarily, the fact-finder must consider the totality of the circumstances. *Id.* at 459. "The trial judge must conduct a careful sifting and balancing of the unique facts and circumstances of each case in deciding whether a particular consent to search was voluntary or coerced." *Id.* "Accordingly, it follows that, because the fact finder must consider all of the evidence presented, no one statement or action should automatically amount to coercion such that consent is involuntary—it must be considered in the totality." *Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App. 2012).

Before an officer may request a breath or blood sample from a person arrested for DWI, the officer is *required* to inform the person that a refusal to provide a specimen (1) may be admissible in subsequent prosecution and (2) will result in an automatic driver's license suspension. Tex. Transp. Code Ann.

7

§ 724.015(1), (2); *Schaum v. State*, 833 S.W.2d 644, 646 (Tex. App.—Dallas 1992, no pet.). "These warnings emphasize the importance of ensuring that the consent is given 'freely and with a correct understanding of the actual statutory consequences of refusal.'" *Duke v. State*, No. 02-02-00290-CR, 2003 WL 1564326, at *1 (Tex. App.—Fort Worth Mar. 27, 2003, no pet.) (mem. op., not designated for publication) (citations omitted).

While the court of criminal appeals has not directly addressed the question of whether the DIC-24 statutory warnings are inherently coercive, the court has considered whether extra-statutory warnings—warnings that exceed the required DIC-24 statutory warnings—are inherently coercive. *See Fienen*, 390 S.W.3d at 335; *Erdman v. State*, 861 S.W.2d 890, 893–94 (Tex. Crim. App. 1993), *overruled by Fienen*, 390 S.W.3d at 335. In *Fienen*, the court of criminal appeals held that extra-statutory warnings are not inherently coercive but that any coercive effect of warnings should be determined by considering the totality of the circumstances in each particular case, holding,

> . . . No statement—whether it refers to the consequences of refusing a breath test, the consequences of passing or failing a breath test, or otherwise—should be analyzed in isolation because its impact can only be understood when the surrounding circumstances are accounted for.
>
> . . . .
>
> . . . Although [the officer] conveyed what would happen in more definite terms than suggested by the (present) statute, she provided only the most basic information and did not linger or prolong the exchange by explaining in detail the intricacies of obtaining the search warrant (*e.g.*, that the blood search warrant

8

-23-

directly and affirmatively been made aware that she could refuse to provide a specimen of her breath,[7] had not been made aware of legal options available to her whereby she could avoid losing her driving privileges, had suffered a panic attack that resulted in several minutes of hyperventilation, vacillated about whether to provide the specimen,[8] had been threatened with the use of her refusal to provide a specimen of breath as evidence of her guilt, in violation of her Fourth Amendment rights, and provided the specimen only after she had been repeatedly told that her refusal to provide a specimen would result in the suspension of her driver's [license] and would result in the use of her refusal as evidence at her trial.

It is the State's burden to prove voluntary consent by clear and convincing evidence. *Fienen*, 390 S.W.3d at 335. Here, the State introduced video from the intoxilizer room and testimony from Officer Hamm. According to the record, when asked by Officer Hamm if she would give a breath specimen, Bucaro agreed and then submitted to one. Viewing the evidence in the light most favorable to the trial court's findings, the State met its burden, and the trial court did not err by denying Bucaro's motion to suppress. We overrule Bucaro's second issue.

### V. Conclusion

Having overruled all of Bucaro's issues, we affirm the trial court's judgment.

---

[7]Officer Hamm read the DIC-24 form to Bucaro in full three separate times. As noted above, the form includes the following admonition: "*If you refuse* to give the specimen, *that refusal* may be admissible in a subsequent prosecution . . . ." [Emphasis added.]

[8]The record does not indicate that Bucaro equivocated in her decision to submit a breath specimen.

10

/s/ Bonnie Sudderth  
BONNIE SUDDERTH  
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and SUDDERTH, JJ.

DO NOT PUBLISH  
Tex. R. App. P. 47.2(b)

DELIVERED: August 27, 2015

11

APPENDIX B

ORDER DENYING REHEARING IN *BUCARO v. STATE*



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00339-CR

ANN BUCARO                                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CR-2013-05651-B

------------

## ORDER

------------

We have considered "Appellant's Motion for Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of August 27, 2015, stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

-27-